**IN THE UNITED STATES FOR THE DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

UNITED STATES               :
                                   :

**v.**                                :          **24 cr 233 (CKK)**
                                     :

**KIRK PERRY**              :

## <u>DEFENDANT'S SUPPLEMENTAL SENTENCING MATERIALS</u>

Kirk Perry, by and through counsel, respectfully submits this supplement to his Memorandum in aid of sentencing, *See,* Exhibit A. Mr. Perry will appear before the Court for sentencing on April, 27, 2026, after completing a full competency examination on March 8, 2026. Based on that evaluation, the Court now has information from Dr. Lia Rohlehr, a Board Certified Forensic Psychologist that Mr. Perry continues to experience "slurred speech, difficulty with balance, confusion, memory impairment, and has difficulty caring for himself and navigating basic daily tasks." *See,* Competency Report, Mar. 8, 2026.

Based on all of the information before the Court, Mr. Perry respectfully requests that this Court impose a variance, specifically a sentence of nine months of home confinement and 18 months of supervised release. Mr. Perry's request reflects a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S. Code section 3553.

Respectfully submitted,

_____

Brandi Harden, Esq.
Harden Law Offices, PLLC
Counsel for Kirk Perry
Bar No. 470706
400 7th Street Suite 604
Washington, D.C. 20004
(202) 621-8268
b@hardenlawoffices.com

# EXHIBIT A

# Ms. Shawn S. McGruder
## Attorney at Law
Columbia, Maryland ~ shawnmcgruder@aol.com ~ 202-957-2596

January 26, 2026

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

My name is Shawn S. McGruder, and I am writing to you on behalf of Kirk Perry, whom you are scheduled to sentence in the coming weeks. Between September 2017 and May 2019, I served as the USDA's Executive Director for Civil Rights Enforcement and Mr. Perry's immediate supervisor. In May 2019, I left federal service to accept a more lucrative role in the private sector. Mr. Perry later suffered a stroke and retired from federal service.

I was profoundly surprised to learn that Mr. Perry has pled guilty to a crime, as it is wholly inconsistent with the integrity, judgment, and professionalism that I observed in him. During my tenure as Executive Director, he served as my Deputy Director, and we worked closely and collaboratively on numerous sensitive, high-stakes matters that demanded discretion, accuracy, and sound decision-making. When I accepted the Executive Director role, I was concerned about moving from USDA's Office of the General Counsel to a unit where I did not yet know the team. From my first day, Mr. Perry was welcoming, steady, dependable, and instrumental in my successful leadership transition.

Our office faced an unrelenting workload, and urgent concerns frequently arose outside normal business hours. Without fail, Mr. Perry consistently made himself available, offered clear-eyed counsel, and carried himself with calm confidence. He demonstrated exceptional dedication as he assisted me in managing the organization, distilling complex data for internal and external reporting, and incisively meeting many challenges. His professionalism, institutional knowledge, and collaborative spirit were truly outstanding, making him an invaluable asset to our organization. He treated colleagues with respect and set a tone of accountability and decency that improved everyone around him.

I was also deeply impressed by his unwavering and selfless commitment to his two young sons and an adorable nephew whom he mentored with the same devotion as he would his own child—all of whom lived in Ohio, where he maintained residence despite commuting to Washington, D.C., weekly for his demanding work at USDA. This extraordinary personal sacrifice spoke volumes about his character: Mr. Perry consistently placed his family's well-being above his own convenience and comfort, demonstrating remarkable love, dedication, and responsibility.

I have intentionally maintained a connection with Mr. Perry after leaving the federal government because of the genuinely fine person I knew—and continue to know—him to be. He is a man of integrity, compassion, and uncommon decency. Any mistakes he has made do not diminish my profound belief that Mr. Perry is an individual of exceptional moral character who has contributed meaningfully to his community, his workplace, and, most importantly, his family. As a leader, he invested in his staff: he mentored generously, created growth opportunities, and celebrated others' success with genuine joy, as if he were being promoted in his own career. I cannot reconcile my experience of Mr. Perry with the notion that he is irredeemable; to the contrary, I believe he is capable of learning from this matter and continuing to contribute meaningfully to his family and community.

Mr. Perry's stroke has left him with slower speech, but he retains his remarkably strong heart, gentle nature, and fundamental goodness. I respectfully ask the Court to consider leniency in sentencing—one that takes into account his medical condition, his longstanding record of responsible service, and the many people whose lives he improved through his leadership and care.

Thank you for your kind consideration of my request. Should you require any additional information, please do not hesitate to contact me.

Sincerely,

The Honorable Colleen Kollar-Kotelly                                    January 6, 2026
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

My name is Sonya Harrell, and I am writing to you on behalf of Kirk Perry, who is scheduled for sentencing on January 22, 2026. I was born and have lived most of my life in Kirk's small hometown of Oberlin, Ohio, where everyone knows one another and our families.

While I knew Kirk casually for years, it was not until my sons became interested in basketball that I became strongly associated with him and truly came to understand the type of man he had become. He coached and mentored my sons, and years later as he continued working with our youth, I was happy when he was also there to Coach and mentor my 3 Grandsons. The City of Oberlin was proud that Kirk was one of our own and he is still deeply respected here.

I know Kirk has accepted full responsibility for his actions and is prepared to accept the consequences of his conviction. I am writing to share a personal perspective on the Kirk Perry that I know, and respect.

My family and I traveled all over the country with Kirk while he coached Amateur Athletic Union (AAU) Basketball. His teams were intentionally made up of boys and girls from all social levels in Oberlin. Many of these young people came from families that were struggling with complex issues and simply did not have the time, money or energy to invest in a traveling basketball team. But Kirk's dedication went far beyond the court; he genuinely cared about these kids as individuals. He spent his own time mentoring them through the rough patches in their young lives.

I personally witnessed Kirk's commitment, ensuring the entire teams had the necessary uniforms and shoes. He took the time and effort to solicit sponsorships and donors so that no player was ever left behind. What made his commitment even more remarkable was that Kirk did not (until years later) have a child on the team. He did this purely out of his desire to give Oberlin's boys and girls more opportunities and a fuller life.

We understand that Kirk made a mistake, one that was not committed here in Oberlin. Here, he consistently added immense value to this community through his passion and commitment to his players. I still believe in that Kirk Perry.

Judge Kollar-Kotelly, I sincerely hope this letter offers you a deeper insight into the kind and caring man Kirk was and, I believe, still is. Kirk has a great deal of life left to live and so much more he can offer. I respectfully ask that you consider showing grace and leniency for Kirk, so that his capacity to positively impact others can continue to evolve and contribute to the betterment of our society.

Thank you, Judge Kollar-Kotelly, for taking the time to consider my perspective and my letter. Please feel free to contact me if you have any questions or concerns.

Sincerely,

Ivan and Sonya Yarber Harrell
440-935-1956

January 5, 2026

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

My name is Kimberly Strickland and I am writing to you on behalf of Kirk Perry who will be sentenced by you on January 22, 2026. I have known Kirk Perry for over a decade. We worked together as colleagues and he as my supervisor. I met Mr. Perry shortly after I graduated from law school. When I first came to work with him at the U.S. Department of Agriculture he taught me the ropes and became one of the few I can call a mentor. Kirk selflessly offered professional advice and helped me to propel my career within the Department. I respected Kirk's professionalism and extreme intelligence not only in employment law but in general. I also found him to be a strong fighter for women in the workplace and outside of the workplace. Kirk was a former women's basketball coach and I was a top tennis athlete so we found an appreciation for the love of sports and the idea of teamwork. It was an honor serving as his number two before he retired.

I know that Mr. Perry has pled guilty but I wanted to inform you that during my decade-long relationship with Mr. Perry he has been a professional, a leader, a motivator, an inspiring colleague, a voice of reason, and a fighter for the underdog. More importantly I found him to have a caring spirit demonstrating that no matter what he was going through he was always looking out for others and their well-being. Most people are egotistical and vain but Kirk's stoic characteristics made him one to appreciate and love—he was a rare gem in this callous world. I hope that you can take this into consideration when you sentence Mr. Perry.

Mr. Perry has so much to continue to offer. We often discussed how, although his health limited him to continue to be a basketball coach, he still wanted to return to helping young women find the pathway to continue their higher education. We were discussing new ways he could be of help on that note with new forms of technology. This wonderful, compassionate, and caring person has so much to offer rising young ladies and men in the community and I do hope Judge that you will give Mr. Perry a lenient sentence so he can put forth the efforts in that endeavor.

Thank you Judge Kollar-Kotelly for serious consideration of this letter. I am available to be contacted for further information.

Sincerely,

Kimberly Strickland

Kimberly Strickland
msstrickkime@gmail.com

January 10, 2026

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

My name is Crystal Gist and I am writing to you on behalf of Kirk Perry, who will be sentenced by you on January 22, 2026.  I have known Mr. Perry since I began working at the U.S. Department of Agriculture (USDA) in November 2011.  He has been a friend and mentor to me since that time.

Although I did not work directly for Mr. Perry, I worked closely with him and his team in processing employment discrimination complaints at the USDA.  Mr. Perry was both liked and respected by the staff and did a tremendous job of developing his employees to progress and succeed in their federal careers.  He was always willing to discuss a complex issue or case with me and others.  There were countless evenings in which I participated in group discussions and debates about cases in Mr. Perry's office. His encouragement helped me become more confident in seeking promotions and advancement opportunities and his advice guided my path to reach the Federal leadership level.

I am aware Mr. Perry has pled guilty, but I would like to share what I have seen and know about him, for your consideration when sentencing him.  I, like others, can tell you how he was a wonderful co-worker and friend, and how I have witnessed his commitment to his family and community.  However, I have a specific personal incident with Mr. Perry that exemplifies how special he is.

I am a native of Cleveland, Ohio, and in late 2014 and 2015, my father's health started to seriously decline— stage 5 bone cancer.   I travelled home as much as I could on the weekends to visit and assist my mother with his care.  On one occasion, I had planned to travel with a friend to split costs and we were scheduled to leave Friday right after work.  However, on Thursday afternoon, my friend decided to cancel her trip.  I was devastated—there was no way I could scrounge up the funds to cover a solo trip at the last minute—at that time, I was a contractor and making considerably less than my Federally-employed counterparts.  I knew Mr. Perry travelled back to Cleveland every week and would likely head to the airport after work on Thursday or early Friday morning.  Although colleagues suggested that I talk with Mr. Perry about my dilemma, I felt like there was nothing he could do so.

That afternoon, Mr. Perry called me into his office and asked me if I wanted go to Cleveland.  He told me, "Be ready to leave tomorrow after work."  Unbeknownst to me, Mr. Perry had cancelled his flight home that day and instead, rented a car so that I could ride to Cleveland with him.  Not because I asked him, but because someone else told him about my situation.  Even as we drove

and I offered to help pay for gas, tolls, etc., he refused.  This, by far, was one of the kindest acts I have experienced in my life.  And it has meant so much to me because my father passed in August 2015, and that one visit allowed me to spend just a little more time with him.

This incident epitomizes Mr. Perry for me.  While professionally, he was an intelligent, articulate, and knowledgeable colleague and supervisor, he also was, and is, a kind, humble, and caring person.  I know, undoubtedly, he has positively impacted my life.

For these reasons, I am asking you to be lenient in sentencing Mr. Perry. Additionally, I can attest to how Mr. Perry's acuity was significantly weakened by the stroke he suffered.  It was heartbreaking to see a person who was consistently relied upon to analyze the most complex legal issues our office encountered to struggle to express himself clearly or remember basic information.  Although he has made a considerable recovery, he is not at his previous mental capacity.

Thank you, Your Honor, for your review and serious consideration of this letter. I am available to provide any further information you believe may be helpful for your decision.

Sincerely,

*Crystal A Gist*

Crystal Gist
(301) 200-4872
crysgist@comcast.net

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

My name is Sonya Harrell, and I am writing to you on behalf of Kirk Perry, who is scheduled for sentencing on January 22, 2026. I was born and have lived most of my life in Kirk's small hometown of Oberlin, Ohio, where everyone knows one another and our families.

While I knew Kirk casually for years, it was not until my sons became interested in basketball that I became strongly associated with him and truly came to understand the type of man he had become. He  coached and mentored my sons, and years later as he continued working with our youth, I was happy when he was also there to Coach and mentor my 3 Grandsons. The City of Oberlin was proud that Kirk was one of our own and he is still deeply respected here.

I know Kirk has accepted full responsibility for his actions and is prepared to accept the consequences of his conviction. I am writing to share a personal perspective on the Kirk Perry that I know, and respect.

My family and I traveled all over the country with Kirk while he coached Amateur Athletic Union (AAU) Basketball. His teams were intentionally made up of boys and girls from all social levels in Oberlin. Many of these young people came from families that were struggling with complex issues and simply did not have the time, money  or energy to invest in a traveling basketball team. But Kirk's dedication went far beyond the court; he genuinely cared about these kids as individuals. He spent his own time mentoring them through the rough patches in their young lives.

I personally witnessed Kirk's commitment, ensuring the entire teams had the necessary uniforms and shoes. He took the time and effort to solicit sponsorships and donors so that no player was ever left behind. What made his commitment even more remarkable was that Kirk did not (until years later) have a child on the team. He did this purely out of his desire to give Oberlin's boys and girls more opportunities and a fuller life.

We understand that Kirk made a mistake, one that was not committed here in Oberlin. Here, he consistently added immense value to this community through his passion and commitment to his players. I still believe in that Kirk Perry.

Judge Kollar-Kotelly, I sincerely hope this letter offers you a deeper insight into the kind and caring man Kirk  was and, I believe, still is. Kirk has a great deal of life left to live and so much more he can offer. I respectfully ask that you consider showing grace and leniency for Kirk , so that his capacity to positively impact others can continue to evolve and contribute to the betterment of our society.
Thank you, Judge Kollar-Kotelly, for taking the time to consider my perspective and my letter. Please feel free to contact me if you have any questions or concerns.
Sincerely,

 Ivan and Sonya Yarber Harrell
 440-935-1956

Character Letter for **Kirk L. Perry**
by **Raymond T. Perry**

The Honorable Colleen Kollar-Kotelly

United States District Court

For The District of Columbia

333 Constitution Ave., N.W.

Washington D.C. 20001


Dear Judge, Kollar-Kotelly


My name is Raymond Perry. I am writing this letter as a character reference for my uncle Kirk L. Perry who will be sentenced before you on January 22, 2026. I am the first child of my mother Carvida and I have four brothers and sisters.  I don't know my biological father, but Uncle Kirk has been there for myself my brother and sisters my entire life. I am 37. Truthfully my uncle was and still is there for my mother as well. With there being 5 of us and my mother being single often times especially holidays and birthdays, he has been there. Although he has two kids of his own, he often would tell me that family takes precedence. I've been a player and a coach in AAU basketball. He has worked with several of my peers including Kirsten Bell WNBA Draft The 12th Selectee of the 2022 draft. Nirra Fields 3-time Olympic participant and the 32nd WNBA Draft person chosen and Natasha Howard 1st round draft pick of the Indiana Fever WNBA 2014 that I had the pleasure of working with. I want you to know that my uncle has been very important to these ladies' development and career. In fact, he has been very important to me, my family and honestly my mother. When he provided shelter for all of us at a hotel when we were facing eviction. In fact, I know I have been a burden to him, because when my roommate put me out, he called his friend from Washington and coordinated me to get into another hotel until he arrived. My roommate was housing my mother and one of my little sisters as well.  He continued to pay for it for the next two months. Thank God he has been around every time I needed him. He was doing all this while working from D.C. He made sure that I kept this information to myself because he didn't want anyone to know

how many times my mother fell into hard times, got evicted and needed somewhere for all of us to go. I felt this was a time I had to speak up, even though he told me not too. I coach young adults for him and I find joy in it because I was once that young kid who needed guidance and a platform to showcase my skillset and work on developing my craft. These days I'm hoping to take my talent to High School Basketball coaching.

With Gratitude,

Raymond T. Perry

Raymond Perry

70 N. Park St.    Oberlin, OH 44074

440-470-6337

December 22, 2025

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge, Kollar-Kotelly:

My name is Carolyn P. Sanders, and I am writing to you on behalf of Kirk Perry who will be sentenced by you on January 22, 2026, I have had the privilege of knowing Mr. Perry since 2000, personally and professionally and I believe it is important to share my insights into his background, integrity, and contributions to the civil rights community.

Mr. Perry comes from a strong supportive family. He has raised two outstanding boys in Ohio while maintaining a job in Washington, DC. Mr. Perry has exemplifying values, dedication, respect, and compassion for his family. He is the backbone and role model for his two boys. Throughout his career, he has achieved numerous milestones, including creating an financial acquisition program for civil rights services performed by the Secretary of Agriculture's Office of the Assistant Secretary for Civil Rights office to USDA's 29 subagencies in support of all their civil rights needs and services; reducing program and employment backlogs under frequently under congressional mandates within record time; managing multiple offices due to vacancies while maintain the timely processing of final agency decisions, providing legal and technical assistance to other managers and supervisors throughout USDA and always being available to support the mission-critical initiatives at USDA. Mr. Perry served as the point of contact for all class action cases including the Black Farmers Lawsuit, the Women's Farmers Lawsuit, and the Hispanic Farmers Lawsuit. Mr. Perry has passed the Ohio bar exam—a testament to Mr. Perry's commitment to excellence and perseverance. Mr. Perry has built a stellar career, earning recognition and respect from colleagues, executives, and internal and external customers. Beyond his professional success, Mr. Perry is highly engaged in community service, actively participating in initiatives aimed at uplifting those around him including assisting young adults with reading and math. He has served as a mentor to young boys, and he has actively participated in after school activities while being present for parent-teacher conferences. He dedicates considerable time to coaching girls' basketball teams while fostering teamwork, discipline, and confidence among young athletes.

Given Mr. Perry exemplary personal and professional life, I believe Mr. Perry embodies qualities of responsibility, integrity, and leadership. I am confident that Mr. Perry will continue to contribute positively to society and fulfill any obligations with honesty and diligence.

If you desire more information into Mr. Perry's career, his benevolence, and community outreach, I am available.

Sincerely,

/s/
Carolyn P. Sanders
Former Colleague



**Dr. Joe Leonard**
**Assistant Vice President, External Affairs**
**Howard University**
**Washington, DC 20003**
**(202)368-5396**
**JoeLeonard@outlook.com**

**December 28, 2025**

**To the Honorable Colleen Kollar-Kotelly**
**United States District Court for the District of Columbia**

**Re: Kirk Perry**

My name is Joe Leonard, and I am writing to you on behalf of Kirk Perry, who will be sentenced by you on January 22, 2026.  I am the former Assistant Secretary for Civil Rights with the United States Department of Agriculture and have known Kirk since my appointment. During my 8 years in this post, Kirk proved to be one of the sharpest legal minds in the Department.  His brilliance and institutional knowledge was invaluable as the Department was facing four class action lawsuits for racial discrimination and the civil rights office was in shambles.

Kirk immediately became one of my closest advisors on all things operational to include  briefing the Secretary, testifying in Congressional hearings,and consulting with officials within the Office of General Counsel. By the end of my tenure, we implemented a massive reorganization and hired a cadre of civil rights professionals that are currently leading the organization. Kirk served as a mentor to these individuals and taught them the nuances of administrative law and civil rights within the Federal government.  I regularly called upon Kirk to serve in multiple roles because of his work ethic, competency and ability to problem solve from an executive perspective.

One particular act of leadership and kindness that is noteworthy was when we were faced with an impossible decision on a promotion of two amazingly talented candidates to a deputy position.  Both of these candidates were subject matter experts, dedicated civil rights practitioners, and crucial members of the organization's succession planning. However, there was only one position. Not being promoted would inevitably devastate one of the candidates and push them to seek opportunities elsewhere.  With the approval of the human resources and budget department, Kirk came to me with a novel idea on how we could promote both of these candidates, and he served as their mentor until his health began to fail and he was forced to retire.  Working with Kirk in this office allowed me to experience how a professional office can also provide the comfort and nurturing similar to a family.  There were many highs and lows throughout those years, but the relationships that were built were priceless and still are most meaningful to me.  Kirk was the glue that maintained the excellence and  held those relationships together after my departure.

Currently, I am deeply concerned by Kirk's declining health and the toll that this situation has taken on his family.  Kirk has given all of himself to others through his professional development of young attorneys at the USDA, nurturing youth through his basketball coaching, and unwavering support of his family.  He has so much good to continue offering his community and our nation.  I understand that Kirk has already accepted responsibility and pled guilty to the charges.  However, I humbly  ask that you be lenient in your sentencing and take this letter under serious consideration.  I am available to be contacted for further information.

Regards,

**Joe Leonard**

THE HONORABLE
DEAR: JUDGE COLLEEN KULLAR-KOTELLY

MY NAME IS COACH REGGIE FLOYD AND I AM
WRITING YOU ON BEHALF OF (KIRK PERRY)
WHO WILL BE SENTENCED BY YOU ON (JANUARY 22, 2026)
I HAVE BEEN COACHING HIGH SCHOOL KIDS FOR
30 YEARS AS A TRACK BASKETBALL + FOOTBALL
COACH AND AM CURRENTLY THE HEAD GIRLS
BASKETBALL COACH AT FIRESTONE HIGHSCHOOL
I HAVE KNOWN MR. PERRY FOR 25 YEARS
THROUGH BASKETBALL HE RAN A.A.U. TEAMS
DURING THAT TIME AND THOROUGH THOSE TEAMS
I HAVE WATCHED COACH PERRY PUT NUMEROUS
YOUNG LADIES IN COLLEGE ON SCHOLARSHIP
I HAVE WATCHED TAKE IN HOMELESS KIDS
AND HELP THEM ALONG THE WAY OF LIFE
I WATCHED COACH PERRY TAKE IN A YOUNG
LADY FROM CANADA SHE HAD NO FAMILY HERE
HE GOT HER THROUGH HIGH SCHOOL INTO COLLEGE
AND SHE CURRENTLY IN THE W.N.B.A AS
WELL AS TWO OTHER KIDS HE COACHED
MR. PERRY HAS VERY SOFT HEART FOR COMMUNITY
AND THE KIDS. I WHOULD LIKE TO ASK YOU TO
BE LENIENT ON MR PERRY THE COMMUNITY
NEEDS HIM THANK YOU FOR YOUR TIME
SINCERELY: COACH

January 8, 2026
Bobbie A. Moore (Retired Civil Rights Director and Retired Army Master Sergeant)
2814 Pumpkin Street Clinton, MD 20735 | bmoore528@gmail.com

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly,

I hope this letter finds you well. I am writing to you regarding Kirk Perry, who is currently before you. I feel it is important to share my experiences with him during our time working together in the civil rights community.

Throughout our collaboration, I have come to know Kirk Perry as a person of exceptional fortitude and commitment to social justice. He consistently demonstrated respect not only for our shared mission but also for the individuals and communities we served. His actions were grounded in values that uplifted others, and I can attest to the profound impact he has made in our community.

Kirk Perry approached every challenge with a sense of compassion and determination. He devoted countless hours to advocating for those whose voices were often overlooked, and his ability to bring people together for a common cause is truly admirable. I have witnessed firsthand the positive changes brought about through his efforts, and I believe those contributions reflect the character of the individual you are considering in your court.

While I understand that Kirk Perry is facing serious circumstances, I respectfully ask for your leniency in this matter. He is not only a valuable member of our civil rights community but also an individual capable of learning and growing from this experience. A compassionate approach could facilitate his personal development and allow him to continue contributing positively to society.

Thank you very much for your attention to this matter. I appreciate your commitment to justice and fairness, and I sincerely hope that you will consider my words in your deliberation.

Respectfully,

Bobbie A. Moore

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave.; N.W.
Washington, D.C. 20001


Dear Judge Kollar-Kotelly:

My name is Sonya Harrell, and I am writing to you on behalf of Kirk Perry, who is scheduled for sentencing on January 22, 2026. I was born and have lived most of my life in Kirk's small hometown of Oberlin, Ohio, where everyone knows one another and our families.

While I knew Kirk casually for years, it was not until my sons became interested in basketball that I became strongly associated with him and truly came to understand the type of man he had become. He  coached and mentored my sons, and years later as he continued working with our youth, I was happy when he was also there to Coach and mentor my 3 Grandsons. The City of Oberlin was proud that Kirk was one of our own and he is still deeply respected here.

I know Kirk has accepted full responsibility for his actions and is prepared to accept the consequences of his conviction. I am writing to share a personal perspective on the Kirk Perry that I know, and respect.

My family and I traveled all over the country with Kirk while he coached Amateur Athletic Union (AAU) Basketball. His teams were intentionally made up of boys and girls from all social levels in Oberlin. Many of these young people came from families that were struggling with complex issues and simply did not have the time, money or energy to invest in a traveling basketball team. But Kirk's dedication went far beyond the court; he genuinely cared about these kids as individuals. He spent his own time mentoring them through the rough patches in their young lives.

I personally witnessed Kirk's commitment, ensuring the entire teams had the necessary uniforms and shoes. He took the time and effort to solicit sponsorships and donors so that no player was ever left behind. What made his commitment even more remarkable was that Kirk did not (until years later) have a child on the team. He did this purely out of his desire to give Oberlin's boys and girls more opportunities and a fuller life.

We understand that Kirk made a mistake, one that was not committed here in Oberlin. Here, he consistently added immense value to this community through his passion and commitment to his players. I still believe in that Kirk Perry.

Judge Kollar-Kotelly, I sincerely hope this letter offers you a deeper insight into the kind and caring man Kirk  was and, I believe, still is. Kirk has a great deal of life left to live and so much more he can offer. I respectfully ask that you consider showing grace and leniency for Kirk , so that his capacity to positively impact others can continue to evolve and contribute to the betterment of our society.

Thank you, Judge Kollar-Kotelly, for taking the time to consider my perspective and my letter. Please feel free to contact me if you have any questions or concerns.

Sincerely,

Ivan and Sonya Yarber Harrell

440-935-1956

January 19, 2025

The Honorable Colleen Kollar-Kotelly
United States District Court of the District of Columbia
333 Constitution Ave., NW
Washington, DC  20001

Dear Judge Kollar-Kotelly:

My name is Violet Hall, and I am writing on behalf of my friend and former colleague, Mr. Kirk Perry.  I understand Mr. Perry has pleaded guilty to the charges and will be sentenced on January 22, 2026. I am reaching out to you as a character witness for Mr. Perry.

I have known Mr. Perry since 2009, during which time we worked closely together at the United States Department of Agriculture (USDA) until my retirement in July 2017. Initially, we served as Chiefs of our respective divisions, collaborating as peers to achieve our department's goals. The workload required a high level of diligence and teamwork, and through this experience, I witnessed Mr. Perry's dedication and professionalism.

In my capacity as Deputy Director and later, Senior Advisor to the (Acting) Assistant Secretary of Civil Rights, USDA, I further witnessed Mr. Perry's commitment to our shared mission.  I could always count on Mr. Perry's expertise to help navigate challenging situations, and his recommendations contributed significantly to our overall success.

Throughout our professional collaboration, I also had the opportunity to get to know Mr. Perry on a modest personal level. Over time, I recognized his commitment as a father and his role as coach of a successful girls' basketball team.  He not only demonstrated quick wit but also a compassionate side of himself.  His considerate and gentle character always stood out to me in the way he interacted with his staff and colleagues.

I remember when one of his senior staff members was diagnosed with late-stage breast cancer. Mr. Perry promptly arranged for her to telework, allowing her to care for herself while maintaining her dignity, income, and benefits until she was no longer able to work. He would occasionally reach out to her parents who live outside of the US to let them know that their daughter was a valued employee and in our prayers.  After her death, her parents came into the office to personally meet Mr. Perry and thank him.

Mr. Perry has children who rely on him for support and guidance, and he himself faces significant health challenges that impact his daily life.  He has been struggling since he experienced a major stroke.   I am sharing these reflections to respectfully ask that you take them into consideration when determining Mr. Perry's sentence.

Thank you, Judge Ketelly, for your time.  Please contact me at (202) 489-5781 or violethall3333@yahoo.com, if I may provide further assistance or clarity.

Sincerely,

Viot Hall

Lorena O. McElwain
1300 Army Navy Drive #907
Arlington, VA 22202
McElwainLorena@gmail.com
(571) 245 – 8731

December 11, 2025

The Honorable Colleen Kollar-Kotelly
U.S. District Court - District of Columbia
333 Constitution Ave, NW
Washington, DC 20001

Dear Judge Kollar-Kotelly:

My name is Lorena McElwain.  I was one of two individuals who attended the hearing in the **USA v Perry (24-cr-0223)** matter last spring.  I was also there during last week's sentencing.  With the exception of two individuals, those of us at the sentencing were there to witness the majesty of the law, hoping to find closure as victims in this matter.

I recently retired from the federal government after 26 years of service, having served for the last 16 years as a member of the Senior Executive Service in both career and noncareer appointments.  As a senior executive, I have led business operations in three agencies, advising cabinet and subcabinet officials on administrative matters including procurement and grants.  I served as noncareer executive, Chief of Staff in the USDA Office of Civil Rights between 2018 and 2020.  During that time, I received numerous reports from the USDA civil rights community regarding potential mismanagement and lack of transparency in (internal) interagency agreements and (external) contract matters under Mr. Kirk Perry.

I began by addressing concerns with internal interagency agreements.  I discovered that Mr. Perry was co-mingling funds and procuring things other than investigation contracts, which was contrary to the appropriators' intent for such funds.  Mr. Perry's poor budgeting and cost projections for the previous five fiscal years resulted in the return of $2.3M in unused funds to subcomponents.  I then turned my focus to addressing the procurement allegations involving external contracts for the vendors conducting EEO investigations.  These allegations included overpayments to contractors for work performed by federal employees or for work that had not been performed.

I have extensive experience with laws and policies governing the management of taxpayer funds with due diligence and transparency as a senior executive in business operations since 2010.  My actions were intended to identify and correct gaps in procurement/contracting practices and financial reporting, but never personal against Mr. Perry whom I assumed had sloppy financial management skills.  It never occurred to me that Mr. Perry's practices were indeed felonious in nature.  Thanks to the work of the FBI and the DOJ, today we know Mr. Perry stole from the American taxpayer, and this explains Mr. Perry's aggressive actions to prevent unveiling the true nature of his criminal activity during my tenure in the USDA Office of Civil Rights.

Once I began looking into the allegations involving Mr. Perry, he began filing harassment complaints naming my boss, Deputy Assistant Secretary Naomi Earp and me. When I refocused my attention to the external contracts that are the subject of the current matter before your court, Mr. Perry and career executives in his chain of command generated constant congressional inquiries through Mr. Perry's purported friend, Representative Marcia Fudge. The USDA Office of General Counsel initiated a management inquiry based on Mr. Perry's and Ms. Fudge's baseless allegations. My records show the investigator in the matter did not disclose whether I was being interviewed as a respondent or a witness, and indicated he had broad authority as there was no specific issue or basis being investigated. This inquiry yielded a report that unfairly mischaracterized Ms. Earp's and my professional integrity. Ms. Earp resigned her position. While some individuals erroneously believe the Administration asked me to leave, I was concerned of further retaliation for doing my job in the USDA. I voluntarily accepted a promotion to Assistant Deputy Secretary in the Department of Education.

From the start of my appointment in the USDA Office of Civil Rights, I witnessed Mr. Perry and his chain of command routinely retaliate against employees who filed hotline complaints with the Inspector General, the Office of Special Counsel, and/or who reported procurement concerns involving the investigation contracts to Mr. Perry's chain of command. It was disheartening to witness good, honest federal employees advocate for the appropriate handling of internal interagency agreements and external contracts. These brave employees suffered reprisal in the form of demotions and other adverse actions. Some of these employees include civil rights professionals such as Ms. Gayle Petersen and business operations professionals such as Ms. Tomasa Gabriella Bolanos-Reynoso. Before leaving, I successfully placed a few employees out of the civil rights office to protect their whistleblower status and prevent harm.

Mr. Perry ruined the careers, morale and reputation of individuals who reported his actions, something Federal employees are required to do when they have reasonable belief of fraud, waste, or abuse. In my case, there is a report of investigation motivated by Mr. Perry and Representative Fudge to halt my efforts to correct what I perceived to be gross financial mismanagement. This report unfairly mischaracterized my actions and my professional integrity, and it has impacted the stellar reputation I built since coming into public service in 1999. Mr. Perry caused me great professional harm in order to hide the nature of the felonious actions he has pleaded guilty to. For this and the significant adverse impact he had on whistleblowers who lost their jobs, were demoted, and who today are suffering from heavy financial losses and professional reputational harm, Mr. Perry deserves the fullest extent of punishment under the law. I pray the court sends a clear message that anyone who steals from the American taxpayer will be held accountable to the maximum extent of the law regardless of who they are or whom their friends are. In light of what we now know, I hope the individuals harmed by Mr. Perry find solace in witnessing Mr. Perry brought to justice. Finally, I remain hopeful USDA will expunge the 2019 management inquiry involving Ms. Earp and me.

Respectfully,

*Lorena McElwain*

Chief of Staff, 2018-2020
USDA Office of the Assistant Secretary for Civil Rights

# KELLI H. REYNOLDS, ESQ.

December 22, 2025

The Honorable  Colleen Kollar-Kotelly
United States District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Dear Judge Kollar-Kotelly:

I am writing to you on behalf of Mr. Kirk Perry who will be sentenced  by you on  January 22, 2026.  I am submitting this letter of support after having witnessed Mr. Perry's  outstanding commitment to public service  as exhibited through his incomparable dedication to civil rights enforcement for over ten years.  I was honored to accept an Adjudicator position with the Program Adjudication Division within the Office of the Assistant Secretary for Civil Rights (OASCR) in December 2012.  Since that time, I have served as a Team Lead and currently serve as the Director of the Employment Complaints Division within OASCR.

Beginning in 2012, Mr. Perry served as the Director of the Employment Adjudication Division and the Acting Director of the Program Adjudication Division and the Program Planning and Accountability Division all simultaneously as corollary duties.  To my knowledge, Mr. Perry is the only OASCR staff member to serve gratuitously in three GS-15 Director level positions simultaneously.  Under his leadership, he tirelessly poured his subject matter expertise in Federal sector EEO complaint processing and employment law into each of the over 50 Specialists/Adjudicators/Attorneys privileged to serve on his teams.  It was not strange to leave Mr. Perry on the 7th floor of our offices then located in Patriot's Plaza working to perfect Final Agency Decisions and Final Orders produced out of the divisions, which produced them well after 8:00 pm daily.  For although he also held the title for the longest commute, travelling between Ohio and DC routinely, he was typically the last to leave the office.

During these long hours on a daily basis, Adjudicators would line up to await his poignant reviews and discussions of their form, legal analysis and sound conclusions either finding or not finding discrimination had occurred with respect to various types of claims.  As a result of his prowess, the subject matter expertise of the staff deepened significantly, and over time, OASCR transformed from a civil rights office plagued and overwhelmed by complaint backlogs and multiple class action discrimination suits with a reputation for elongated processing times into a respectable, effective and efficient civil rights office which boasts average processing times exceeding 90 percent for timeliness for the past five years and one of the lowest remand rates across the federal sector.  A feat which would not have been possible without his quiet, steady guidance and leadership.

I am certain that you will hear from countless others who will attest to their witnessing Mr. Perry's sound leadership, for I am not alone.  For we that have been honored to have benefitted from his expertise, have thrived as a result of his guidance and upon whom he imprinted a model of professionalism and servitude are many.  Like me, who entered into USDA as a single mother striving to perfect my skills and abilities as an EEO Specialist, there are many who devoured his detailed and in depth case reviews, keen legal research and analysis techniques and deep historical and organizational context and blossomed as outstanding leaders in civil rights enforcement after serving in his divisions.  His expertise was not only experienced within

OASCR, but it stretched through thousands of his fair and just Final Agency Decisions down the halls of USDA to the Office of General Counsel to the ears of the EEOC, through the over 300 programs conducted and assisted by USDA to the nearly 100,000 employees and hundreds of thousands of U.S. citizens USDA serves. Many are we who benefited from his compassionate leadership, relentless support of work life balance and family and the selfless promotion and support of strong intelligent women in the workplace.

Because of his commitment to the development of a remarkable cadre of civil rights professionals, we are committed to supporting him through this time, and urge you to consider the depth of his commitment to public service and his accomplishments during sentencing. One of the greatest of said accomplishments being his undeniable mark he left on the enforcement of civil rights within the USDA and the many of us whose public service he stretched and molded perfectly along his way.

If as Charles Hamilton Houston said "A lawyer is either a social engineer or a pest upon society" then we ask that you count Mr. Perry among the Chief Engineers of this noble profession for he has charted the path and led OASCR on its transformative journey and trust that you will grant him leniency during sentencing.

Sincerely,

Kelli Hunter Reynolds, Esq.

December 19, 2025

The Honorable Colleen Kollar-Kotelly
United States District Court
for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: United States v. Kirk Perry, Case No. 1:24-cr-00223

Dear Judge Kollar-Kotelly:

My name is Archie Crawford, and I am writing in support of Mr. Kirk Perry, who is scheduled to be sentenced before you on January 22, 2026. I respectfully submit this letter so the Court may consider the character, leadership, and personal impact of the man I have known for many years.

I have known Mr. Perry since approximately 2012, when I was working with the United States Forest Service and he served in the Office of the Assistant Secretary for Civil Rights. In 2014, I was selected to serve as the Director of the Program Complaints and Investigations Division within that same office, and from that point forward I worked with him on a daily basis. That close professional collaboration evolved into a relationship built on respect and trust and, over time, a genuine friendship.

Mr. Perry was more than a colleague or supervisor to me; he became my mentor and friend. Working alongside him each day, I saw firsthand his leadership, his integrity, and his ability to bring out the best in those around him. He took time with people, listened carefully, and treated others with dignity and respect, which made a real difference in my life and in the lives of many others.

Mr. Perry also developed a strong reputation for mentoring people and helping them advance. He encouraged people to apply for promotions, helped them prepare, and supported their development, and many individuals who worked with or under him later advanced into senior leadership roles in part because of his guidance and encouragement. My experience with him was not unique; others in our office and community benefited from his leadership as well.

Outside his professional work, Mr. Perry was committed to giving back to his community, particularly through coaching youth basketball and working with girls' teams as a way to teach discipline, teamwork, and confidence. He consistently tried to make a positive difference in the lives of others, whether in the workplace or in the community.

I am aware that Mr. Perry has pled guilty and accepted responsibility for his actions, and I do not seek to excuse or minimize what occurred. He has acknowledged his mistakes, and I know this situation weighs heavily on him. I share this letter only to provide the Court with insight into the man I have known for more than a decade.

Since suffering a stroke, Mr. Perry is not the same person he once was. I have seen firsthand how significantly this has affected him physically, mentally, and emotionally. When I last saw him in Washington, D.C., I was genuinely concerned about how a lengthy period of incarceration would affect his health and overall well-being.

I am now retired, but I remain in contact with Mr. Perry and continue to support him. After a lifetime of military and federal service, I maintain very few long-term relationships, and Mr. Perry is one of those few, which speaks to the respect, trust, and friendship he has earned over the years.

With full respect for the Court, I respectfully ask that you consider leniency in sentencing Mr. Perry. Given his acceptance of responsibility, his long history of mentoring and helping others, and the serious health challenges he now faces, I hope the Court will consider a sentence that allows for alternatives to incarceration if the Court deems it appropriate.

Thank you for your time and for your careful consideration of this letter. I am available to provide any additional information the Court may require.

Sincerely,

/s/ Archie Crawford

Archie Crawford
Phone: 757-232-4840
Email: acearch757@outlook.com

December 17, 2025

The Honorable Colleen Kollar-Kotelly

United States District Court

for the District of Columbia

333 Constitution Ave., N.W.

Washington, D.C. 20001

Dear Judge Kollar-Kotelly,

My name is Kurt Russell, the 2022 National Teacher of the Year, and I am writing this letter in support of Mr. Kirk Perry, who will be sentenced by you on January 22, 2026. I offer this letter with great respect for the Court and in the hope that my firsthand experiences with Mr. Perry may provide helpful context as you consider his sentence.

I have known Mr. Perry for many years, first as a mentor and later as a colleague and coach. During my formative years, Mr. Perry played a significant role in shaping my educational and personal aspirations. He took the time to expose me to opportunities that many young people never experience—most notably, traveling with me to Boston and New York to visit colleges. These trips were not casual gestures; they were intentional acts of mentorship designed to broaden my vision of what was possible and to help me see myself as college-bound and capable of more.

As I grew older, I had the privilege of coaching alongside Mr. Perry at the middle school level, which allowed me to see his character from another perspective. In this role, I observed his consistent commitment to young people—especially those who needed structure, encouragement, and belief the most. He was patient, steady, and deeply invested in the development of the students he coached. His influence extended far beyond sports; he taught accountability, teamwork, and respect.

I am aware that Mr. Perry has pleaded guilty and accepted responsibility for his actions. I do not write to minimize the seriousness of this matter. Rather, I write to inform the Court of the man I know—so that his full life, character, and contributions may be considered in determining a fair and just sentence.

Mr. Perry has been a mentor to countless children, often stepping into that role quietly and without recognition. He has consistently chosen to give his time, energy, and guidance to young people, particularly those navigating difficult circumstances. I have personally witnessed him

offer encouragement to struggling students, advocate for their education, and serve as a positive male role model when one was desperately needed.

He is a compassionate and caring individual who understands the importance of investing in others. His actions over the years demonstrate that he has much to offer his family, his community, and future generations. I firmly believe that he is capable of growth, reflection, and continued positive contribution.

I remain committed to supporting Mr. Perry moving forward and will continue to encourage him toward accountability, rehabilitation, and service. I respectfully ask the Court to consider leniency in sentencing, taking into account his long history of mentorship, community involvement, and the genuine impact he has had on the lives of others.

Thank you for your time and for the serious consideration of this letter. Please feel free to contact me, krussell200@gmail.com, should you require any additional information.

Respectfully,


Kurt Russell

2022 National Teacher of the Year

Oberlin City Schools

Oberlin, Ohio

The Honorable Colleen Kollar-Kotelly

United States District Court

for the District of Columbia

333 Constitution Ave., N.W.

Washington, D.C. 20001

**Dear Judge Kollar-Kotelly:**

My name is **Jamie Montague**, and I am writing on behalf of **Mr. Kirk Perry**, who is scheduled to appear before you for sentencing on **January 22, 2026**. I hope that sharing my experience with Mr. Perry will be helpful to the Court, as I have known him for **over 35 years**, and during that time he has remained one of the most selfless and community-minded individuals I have ever known.

I understand that Mr. Perry has pled guilty, and I am not writing to excuse his actions. Instead, I want to offer insight into the person I have known for most of my life, someone whose character, generosity, and dedication to others have left an undeniable impact on countless people, including myself.

Mr. Perry has long been deeply involved in community work, especially through youth basketball programs such as **NEXT Level**. His role has always been much more than coaching. He has consistently served as a mentor and positive force for disadvantaged youth, providing guidance, stability, and hope to young men and women who often lacked those supports elsewhere. I have personally witnessed how his influence has shaped their futures and helped them build confidence, discipline, and a belief in what they can achieve.

His impact extends far beyond organized programs. On a personal level, Mr. Perry has played a meaningful role in my own growth. Over the years, he has offered mentorship, guidance, and support during moments when I needed direction. His ability to uplift others quietly, consistently, and without seeking recognition is one of the qualities that truly sets him apart.

Mr. Perry has devoted much of his life to serving his community and supporting young people, and I believe he still has so much to give. I remain committed to supporting him through this process and beyond, just as he has supported so many of us.

For these reasons, I respectfully ask the Court to consider a lenient sentence that allows Mr. Perry the opportunity to continue contributing to the community and the lives of the youth who look up to him.

Thank you for your time and thoughtful consideration. I am available should the Court require any additional information.

(440) 752-5706